**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CJB GLOBAL IMPORTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Civil Action No. 26-cv-06568 |

## **PLAINTIFF'S MOTION TO SEAL**

Plaintiff CJB Global Imports, Inc., ("Plaintiff") respectfully submits this application to file under seal the following documents associated with the above referenced action until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1) Plaintiff's Unredacted Complaint,

(2) Schedule A to the Complaint,

(3) Exhibit 3 to Plaintiff's Complaint which contains screenshot printouts of the Defendants' online storefronts and infringing sales;

(4) Exhibit 4 to Plaintiff's Complaint, containing order confirmation to New York;

(5) Cecily Braden's Declaration and Exhibits 4 and 5 thereto with, which contain defendant specific information; and

(6) The Proposed Order to Show Cause Why a Preliminary Injunction Should Not Issue, which contains Defendant's information.

Plaintiff filed the public-record version of the documents redacted and concurrently herewith has provisionally filed the documents electronically under seal.

In this action, Plaintiff is requesting this *ex parte* relief based on claims for copyright infringement. Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal this document.

The Second Circuit has noted that "notice all too often appears to serve only to render fruitless further prosecution of the action." *In re: Vuitton et Fils S.A.*, 606 F.2d 1, 4-5 (2d Cir. 1979). Affording a defendant time to destroy evidence, hide assets, and effectively make a getaway "is precisely contrary to the normal and intended rule of notice." *In re: Vuitton et Fils S.A.*, 606 F.2d at 5.

Plaintiff recognizes and acknowledges the importance of public access to court records. However, Plaintiff's ability to preserve its intellectual property rights increasingly necessitates that the targets of its anti-counterfeiting efforts remain unaware that they are the subject of anti-counterfeiting measures. To that end, Plaintiff seeks a temporary seal over this matter until the Court has reviewed Plaintiff's *ex parte* motion and, if granted, until Plaintiff has served the TRO upon Defendants and the Defendant Seller Aliases and Financial Institutions that they use to conduct their illegal business. Plaintiff anticipates this will take approximately one month from the date of filing, subject to the Court's schedule. A temporary seal is a narrowly tailored remedy

which effectively and appropriately balances the public's right of access to court records, ensures that Plaintiff's efforts to assert its valuable intellectual property rights will not be in vain, and prevents Defendants from abusing the public availability of court records to aid their efforts to remove evidence and assets from the jurisdiction of this Court.

Therefore, Plaintiff respectfully requests that the Court grants Plaintiff leave to file the unredacted Complaint, Schedule A, and Exhibit 3 to the Complaint, and Exhibit 4 to the Complaint, containing order confirmation pages to New York, Cecily Braden's Declaration and Exhibits 4 and 5 to Cecily Braden's Declaration, which contain defendant specific information, the Proposed Order to Show Cause Why a Preliminary Injunction Should Not Issue, which contains Defendant's information. *See, e.g., Wowwee Group Ltd. et al v. Meirly, et al,* No. 1:18-cv-00706 Document # 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. GB Housewear Store, et al*. No. 1:17-cv-07596 Document #22 (S.D.N.Y. Oct. 12, 2017) (same); *Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al* No. 1:17-cv-07422 Document #19 (S.D.N.Y. Oct. 13, 2017) (same).

Date: August 5, 2026

Respectfully submitted,

*/s/ Shengmao Mu*
Shengmao Mu NY #5707021
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

Application granted without prejudice to reconsideration.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2026
New York, New York